## No. 14-1498
(8:12-CV-01294-PWG)

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
1100 East Main Street, Suite 501, Richmond Virginia 23219

PATRICK COLLINS, INC., d/b/a Elegant Angel,

*Plaintiff – Appellee,*

*v.*

DAVID OSBURN, f/k/a Doe #1, f/k/a Sealed Defendant,

*Defendant – Appellant.*

*On Appeal from the United States District Court for the Maryland at Greenbelt in 8:12-cv-01294-PWG (Hon. Paul W. Grimm, Judge)*

# BRIEF FOR APPELLANT DAVID OSBURN

JOHN C. LOWE
JOHN LOWE, P.C.
5920 Searl Terrace
Bethesda, MD 20816
(202) 251-0437 Telephone
(888) 595-6007 Facsimile
johnlowe@johnlowepc.com

*Attorney for Defendant-Appellant*

AUGUST 21, 2014

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

No. 14-1498 Caption: Patrick Collins, Inc. v. David Osburn                    .

Pursuant to FRAP 26.1 and Local Rule 26.1,
David Osburn           who is  Appellant   , makes the following disclosure:
(name of party/amicus)        (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?
         ( ) YES                      ( X ) NO
2.    Does party/amicus have any parent corporations?
         ( )YES                       ( X ) NO
      If yes, identify all parent corporations, including grandparent and great-
      grandparent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held
      corporation or other publicly held entity?
         ( ) YES                      ( X ) NO
      If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that
      has a direct financial interest in the outcome of the litigation (Local Rule
      26.1(b))?
         ( ) YES                      ( X ) NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association (amici curiae do not complete this question)?
         ( ) YES                      ( X ) NO
      If yes, identify any publicly held member whose stock or equity value could
      be affected substantially by the outcome of the proceeding or whose claims
      the trade association is pursuing in a representative capacity, or state that
      there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?
         ( ) YES                      ( X ) NO
      If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ John C. Lowe       Date: August 21, 2014                    
                Counsel for Appellant

i

# **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................... iii

GLOSSARY ......................................................................................... iv

RULING UNDER REVIEW ..................................................................1

STATEMENT OF JURISDICTION......................................................1

STATEMENT OF THE ISSUES............................................................2

STATEMENT OF THE CASE ...............................................................2

STATEMENT OF FACTS .....................................................................5

ARGUMENT .........................................................................................8

    Osburn's defense in the district court ..............................................10

    Osburn had other expenses. ............................................................13

    Bad Faith .........................................................................................14

    Patrick Collins had a proper option but did not take it.....................15

CONCLUSION .....................................................................................18

REQUEST FOR ORAL ARGUMENT ................................................18

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a).....19

CERTIFICATE OF SERVICE .............................................................20

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Baldwin v. City of Greensboro*,
  14 F.3d 828 (4th Cir. 2013)..................................................8

*Celotex v. Catrett*,
  477 U.S. 31 (1986)..........................................................8

*Klinger v. Conan Doyle Estate, Ltd.*, Case No. 14-1128,p
  (7th Cir. August 4, 2014) ................................................9

*Miller v. Terramite Corp.*,
  114 F. App'x 536 (4th Cir. 2004) ....................................8

**Statutes**

28 U.S.C. §1291 ...............................................................2

28 U.S.C. §1331(a) ...........................................................1

28 U.S.C. §1332(a) ...........................................................1

28 U.S.C. §1367(a) ...........................................................1

United States Copyright Act, 17 U.S.C. §§ 101 etc...............10

**Rules**

Fed. R. App. P. 4 ..............................................................2

Fed. R. Civ. P. 11(b) ...............................................6, 7, 8, 14

Fed. R. Civ. P. 33 .............................................................7

Fed. R. Civ. P. 34 .............................................................7

Fed. R. Civ. P. 36 .............................................................7

Fed. R. Civ. P. 41 .......................................................1, 4, 8

Fed. R. Civ. P. 56 .............................................................1

## <u>GLOSSARY</u>

| | |
|---|---|
| IP | Internet Protocol |
| ISP | Internet Service Provider |

## RULING UNDER REVIEW

David Osburn seeks review of Judge Paul Grimm's April 28, 2014 final order in Maryland District Court Case 12-01294 granting the motion of Plaintiff Patrick Collins, Inc. for dismissal under Federal Rule of Civil Procedure 41, rather than granting Defendant David Osburn's motion for summary judgment under Federal Rule of Civil Procedure 56, ruling that there had been no bad faith shown against Patrick Collins, Inc. in its filing the complaint in the case, and refusing to consider an award of attorney fees and expenses against Patrick Collins, Inc.

## STATEMENT OF JURISDICTION

The district court had jurisdiction based on the following:  1) 28 U.S.C. §1331(a); 2) supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) brought about by Plaintiff filing the complaint against David Osburn in the district court; and 3) diversity jurisdiction pursuant to 28 U.S.C. §1332(a), David Osburn being a citizen of the State of Maryland and Patrick Collins, Inc. being a citizen of the State of California, and an amount in controversy exceeding $75,000.00.

On April 28, 2014, Appellant David Osburn's Fed. R. Civ. P. 56 Motion for Summary Judgment was denied, the motion of Plaintiff Patrick Collins, Inc. for dismissal pursuant to Fed. R. Civ. P. 41 was granted, and the clerk was instructed to close the case. JA489 A subsequent Motion for reconsideration filed by

1

Appellant was denied by the district court. This constituted a final decision by the district court which ended the litigation and decided the claims of all parties. In accordance with Fed. R. App. P. 4, Appellant Osburn filed a timely notice of appeal on May 27, 2014. JA522

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. §1291.

## STATEMENT OF THE ISSUES

1. Whether the district court erred in denying defendant summary judgment, but instead granting Plaintiff Rule 41 dismissal with denial of attorney fees or expenses to Defendant.

2. Whether the district court erred in ruling that Plaintiff had not shown bad faith in filing a complaint with no supporting evidence against defendant, particularly when Plaintiff then allowed 24 months to elapse without serving a single request for discovery.

3. Whether the district court erred in declining to award attorney fees and expenses to Defendant upon dismissal of the case.

## STATEMENT OF THE CASE

On February 27, 2012, Plaintiff Patrick Collins, Inc. ("Patrick Collins," hereafter) filed suit in the district of Maryland against John Doe, a pseudonym for

2

the person allegedly illegally down loading Plaintiff's pornographic films, for copyright infringement of its pornographic films allegedly downloaded by the subscriber to an Internet router from Verizon Internet Services.  In its complaint, Patrick Collins alleged that the subscriber to the Internet router identified willfully and intentionally infringed its copyrights by distributing and offering to distribute its pornographic films from the Internet without authority.  JA11-17  The Internet router identified was at the IP address subscribed to by Defendant David Osburn, with the router located in his house.

After the litigation was initiated by Patrick Collins, it served no discovery request in any attempt to determine facts as to whether David Osburn had any involvement in or awareness of the alleged copyright violations.

Osburn produced sworn expert evidence that any person within 400 feet of an Internet router could download a film from the router without the knowledge or involvement of the subscriber to the router, including possible downloading by a neighbor of David Osburn or even a total stranger sitting in a vehicle on the street, without David Osburn being aware of the activity. JA306-310

After vigorous defensive litigation by Defendant and no affirmative litigation by Plaintiff, there came a point where the factual basis for a claim against Defendant David Osburn was shown to be nonexistent – not a single fact that he

3

did anything improper – and after 22 months in that status, on December 12, 2013 Defendant Osburn moved for summary judgment and an award of attorney fees and expenses. JA297  Osburn argued that the absence of any evidence that David Osburn had any involvement or awareness of anyone downloading the film of Patrick Collins as shown by the foregoing facts constituted bad faith on the part of Patrick Collins and that the trial court should find the facts to constitute bad faith and award attorney fees and expenses to Osburn.

Osburn argued that the court should have found that the complaint was filed in bad faith, should have awarded him summary judgment pursuant to his pending motion, and should have awarded attorney fees and expenses against Patrick Collins. JA297 At the same time, Plaintiff moved for Rule 41 dismissal. JA290

On February 28, 2014, Judge Paul Grimm issued an opinion and order ruling that no bad faith had been shown on the part of Patrick Collins, denying Defendant's Motion for Summary Judgment, granting Plaintiff's Motion to Dismiss under Rule 41, and closing the case. JA489

On May 27, 2014 Defendant timely filed his notice of Appeal JA522  This appeal was docketed in the Court of Appeals on May 28, 2014  JA524

## STATEMENT OF FACTS

During all time pertinent to this appeal and to the case in the district court below, Appellant David Osburn subscribed to Internet service provided by Verizon Internet Services.  The physical device – the router [1] – was located in his house in Glen Burnie, Maryland.

In his entire life, David Osburn never downloaded a film of Appellee Patrick Collins, Inc. ("Patrick Collins") – legally or illegally.  JA 304  Declaration of David Osburn.

In his entire life, David Osburn was never aware of anyone downloading a film of Patrick Collins – legally or illegally – using his router or otherwise.  *Id.*  He was never aware of anyone ever using his Internet router to download a film of Patrick Collins – legally or illegally – or engaging in any conduct that suggested

---

[1]      Verizon Internet Services , as the Internet Service Provider, provides a combination router/wireless access point as part of their Internet provisioning.  It is common to term the equipment as a "router," even though it technically has two functions. The wireless portion creates a wireless network that connects to the router and the Internet.   People with computers can connect to the wireless network and can download files, programs and web pages, without the subscriber or other users knowing who is connected or what activity they are performing.  A person can download a film from a router onto his laptop computer from over 400 feet away, as attested to by Osburn's expert, John Simek of Sensei Enterprises, Inc. JA306-310

that any such activity was taking place with the use of the router to which he subscribed.  *Id.*

The record in this case does not have a scintilla of fact that would suggest that any of the foregoing facts are in error or that David Osburn ever infringed the copyright of Patrick Collins in any way.  The record includes the sworn declaration of David Osburn attesting to the foregoing facts.  JA304

One knowledgeable in the law would expect that before counsel for Patrick Collins would file a federal complaint against David Osburn, they would have at least a scintilla of fact on which to base allegations that David Osburn engaged in any activity of infringing the copyright of Patrick Collins by downloading a film or otherwise, if for no other reason than to comply with the mandate of Federal Rule of Civil Procedure 11(b), which requires a good faith factual basis for bringing a complaint.

At the time it filed suit, Patrick Collins did not have one single solitary scintilla of fact that David Osburn engaged in any activity of infringement, was aware of any act of infringement by anyone else, or did what he was accused of doing by the complaint.

There may be judges or lawyers who would argue – incorrectly, David Osburn believes – that it is not necessary to have proof of even a single fact that

David Osburn did the improper things alleged in the Patrick Collins complaint prior to filing suit so long as Patrick Collins then proceeds in good faith with discovery aimed at finding facts to support the allegations in the proceeds in good faith with discovery aimed at finding facts to support the allegations in the complaint – which is one interpretation of Rule 11(b)(3).

The complaint was filed on April 27, 2012 in the United States District Court for Maryland in Greenbelt, Maryland, case number CA 8:12-01294-PWG. JA11  It was eventually dismissed by Judge Paul Grimm on April 28, 2014, just over 2 years later.

During the entire 24 months that the case was open, Patrick Collins did not serve a single discovery request – not a single Rule 33 Interrogatory, not a single Rule 36 Request for Admission, not a single Rule 34 Request for Production of Documents and Things, not a single expert report, and it did not take a single deposition for the purpose of making a good faith effort to ascertain if David Osburn did anything improper or infringed Patrick Collins's copyright.  So, even if the Court were disposed to consider the filing of the complaint without a single fact in support of the allegations against David Osburn not to be improper so long as timely and reasonable discovery were undertaken, that discovery effort simply was not present here.

7

David Osburn sees no point in belaboring the obvious with a multiplicity or words and variations in argument on this point. If there is such a thing as bad faith in filing a complaint without proper compliance with Fed. R. Civ. P. 11(b), then this case filed by Patrick Collins is the paradigm. Patrick Collins was guilty of bad faith, contrary to the holding of the district judge.

## ARGUMENT

Regarding summary judgment law, the citation by Judge Grimm is fine. Op. 3. *Baldwin v. City of Greensboro*, 14 F.3d 828, 833 (4th Cir. 2013). Judge Grimm's citation to *Celotex v. Catrett*, 477 U.S. 31 (1986) at Op. 4 is also on point that if Plaintiff has no evidence to support its case against Osburn, the burden shifts to it to show evidence that shows a genuine dispute as to material facts. That never happened in this case.

As to the recitation that Rule 41 dismissal and the factors to be considered by the court, Judge Grimm states the considerations to be weighed, citing *Miller v. Terramite Corp*., 114 F. App'x 536, 539 (4th Cir. 2004). But his error is in concluding there was no prejudice to David Osburn by dismissal, completely ignoring the terrific expense in attorney fees and expenses that the case had cost him to that point.

Judge Richard Posner authored an opinion in the Seventh Circuit Court of Appeals, which addressed this issue squarely in a situation that is instructive. An author and bookseller, Leslie S. Klinger, had sued the Arthur Conan Doyle Estate to cause it to stop interfering with his publishing certain works concerning Sherlock Holmes. Judge Posner ruled in favor of Klinger on the merits and then awarder attorney fees and expenses, pointing out that even if the Estate had not acted in bad faith, the author was not seeking to gain from the request for attorney fees and expenses but merely not to lose money. He ruled that this was a beneficial ruling for such cases in the future and pointed out that there – as here – the Copyright Act provides for an award of attorney fees and expenses for the prevailing party. *Klinger v. Conan Doyle Estate, Ltd.*, Case No. 14-1128, decided August 4, 2014, United States Court of Appeals for the Seventh Circuit. Judge Posner said that what the estate did was charge a settlement amount that was small enough not to justify an author or bookseller litigating the issue, thus facilitating and encouraging what was essentially *a small extortion* of money to avoid the litigation. *Id.*, at 6  That is exactly what David Osburn was facing in this case and he defended on principle.

At a minimum, Judge Grimm should have asked for briefing or a hearing on that issue if he deemed it significant, as he obviously did.

9

## **Osburn's defense in the district court**

What is the upshot of this improper, bad faith filing of a complaint?  David Osburn had to consider the draconian damages that a plaintiff can obtain under the United States Copyright Act, 17 U.S.C. §§ 101 etc. – up to $150,000.00 per offense alleged. He had to take the litigation very seriously and defend aggressively.

David Osburn's counsel defended in an entirely appropriate and understandable way – seeking to use discovery to build a defense.  He served interrogatories and requests to produce documents on Patrick Collins.  He used a very common means of trying to discover information – namely, a deposition of Jon Nicolini, the Patrick Collins expert who had authored the declaration attesting that it was the router of David Osburn that had been used for the alleged infringement, which declaration was Exhibit B to the complaint when filed. JA 31, JA 180  Because that expert, Jon Nicolini, lived and worked on the technical investigation of the David Osburn suit in California, defense counsel, of course, traveled to California to take his deposition, which turned out to be a crucial evidentiary proof for the defense, as Nicolini admitted that he knew prior to the suit being filed that there was no way to tell if David Osburn had downloaded any

Patrick Collins film or had been involved with anyone who had done so. [2]  It would

have been unthinkable for defense counsel to take the deposition of this crucial

witness by telephone, where all manner of chicanery could take place in the

---

[2]     The entire excerpt of the Jon Nicolini Deposition is shown at JA365. Here is
the most pertinent exchange where Mr. Nicolini admits that he could not tell who
was doing any downloading.  Questions are posed by Attorney John Lowe.
Answers are provided by witness fn 2 continued:  Jon Nicolini:

```
              4      Q.   Okay.  You refer to the defendants doing
11:21         5  certain things.  You -- in your investigation, you
              6  and your colleagues have no way of knowing who the
              7  person is that's doing a particular thing.  What
              8  you -- what you know is what router IP address is
              9  being used by whoever is doing the downloading.  Am
11:21        10  I correct about that?
             11      A.   I wouldn't necessarily say "router" as an
             12  umbrella term because it could be just a cable modem
             13  connected.
             14      Q.   Right.
11:21        15          Whatever it is, the device that's connected
             16  to the Internet, the first -- first device on the
             17  Internet by the modem.  That's all you know, is
             18  whoever was using that is the person who was doing
             19  these things.  You don't know who the person's
11:22        20  identity is that was doing it.  Anybody that had
             21  access could have been the one; correct?
             22      A.   Right.  That's why we need discovery.
```

11

deposition room without defense counsel being able to know, since he only had

telephone contact.  Properly, defense counsel went to California to take this

important deposition.  And it turned out to be actually important --- since Nicolini

admitted that Patrick Collins did not know who had downloaded the film without

taking discovery in the law suit.  JA365-367

Judge Grimm committed a serious error of fact finding when he ruled at Op.

5 and again at Op 6 – without any factual basis -- that a user located at Osburn's IP

address downloaded a copy of the film in question.  Osburn documented with

expert testimony that there was no evidence of that.  Osburn's IP address was the

IP address of his router, located in his home.  The downloading was not made by a

router – which cannot download anything – but by a computer using the signal

from Osburn's router – perhaps located as much as 400 feet away.  That computer

would have had its own IP address not discoverable by Patrick Collins's expert.

Defense expert John Simek gave an uncontradicted sworn declaration that the

computer using the signal from the router to download the film could have been

400 feet or more away from the router – in other words nowhere near Osburn's

house or his IP address. JA306-310  It could have been a neighbor or even a

vehicle parked on the street, parked and using a laptop to pirate Osburn's signal at

a street location that the pirating downloader had found was always available as a

way to pirate the Internet signal from the Osburn router. And John Simek points out that David Osburn would have been unaware of someone pirating his router Internet signal from 400 feet away if that had occurred. [3] JA306-310

**Osburn had other expenses.**

Defense counsel performed other discovery tasks and after 22 months following the filing of the complaint, defense counsel filed a Motion for Summary Judgment. With zero facts on which Patrick Collins could defend a Rule 56 motion for Summary Judgment, the motion should have been a routine motion to be granted.

At the same time, however, Patrick Collins moved for Dismissal pursuant to Rule 41, simply asking the Court to dismiss its suit. [4] David Osburn protested and objected, pointing out that there was a fully documented basis for the Court to grant his summary judgment motion and award attorney fees and expenses for the expenses to which Patrick Collins had put him in the action. Judge Grimm,

---

[3]     It could also have been a download from his house by someone else without his knowledge at a time when he was away at work or otherwise.

[4]     Counsel for Patrick Collins refers to David Osburn refusing what he characterizes as a reasonable settlement offer. But that ridiculously unreasonable offer was for Patrick Collins to dismiss the suit without any attorney fees or expenses being paid to David Osburn, and with Osburn being required to agree to a draconian confidentiality provision that was totally unjustified. JA368 and 444 Of course Osburn declined that proposal.

13

without any explanation why he would not grant David Osburn's summary judgment motion except to assert erroneously that no bad faith had been shown against Patrick Collins, granted Patrick Collins's motion to dismiss without an award to David Osburn of attorney fees or expenses.

Counsel for David Osburn has been practicing in the Fourth Circuit and the Supreme Court of the United States for over 46 years and has never seen a simpler or clearer case for this Court to consider.  If what has already been said above is not enough to win a reversal, then there is nothing more that can be said to achieve that just result.

In less than 3 full page of Facts, above, the facts ring out and cry for reversal.  The two points are simple:  (1) filing suit with no good faith factual basis violates Rule 11(b) and cannot be upheld and (2) summary judgment should have been granted to Osburn.  It is not necessary to decide if adequate discovery efforts would have rescued Patrick Collins, for there never were any attempted.  The issue of what award the Court should make for the summary judgment should be determined on remand, based on a finding of bad faith as a matter of law.

## **Bad Faith**

The factual basis for the inevitable conclusion of bad faith by Patrick Collins filing the complaint against David Osburn has one more facet that must be

14

addressed.  Judge Grim indicated in his opinion that there could not have been a showing of bad faith by Patrick Collins because David Osburn voluntarily identified himself in the litigation.  But that focuses on the wrong time for determination if there was had faith at the time of filing the complaint.  Patrick Collins had no reason to believe that David Osburn would resist its suit, no reason that he would not capitulate and pay the settlement demanded by Patrick Collins to avert his identification by Verizon, and no reason to think that David Osburn would fight the litigation for a just result.  At the time it filed the complaint none of those considerations were known to Patrick Collins and none of them reduce the bad faith shown at the filing of the complaint.

### **Patrick Collins had a proper option but did not take it.**

Appellant expects Patrick Collins to argue that it had not other choice but to proceed as it did if it was to have any chance at all to discover who was illegally downloading its films.  It is important to recognize at least one entirely reasonable option for Patrick Collins which would not have required David Osburn to be subjected to the embarrassment, time, expense, and attorney fees required by the method Patrick Collins chose to use, forcing Osburn to be a defendant.  There are two simple components to the procedure.

15

1.    The complaint is filed against "John Doe, the person who downloaded the films of Patrick Collins illegally."  John Doe is the only defendant named.  No other description of John Doe is possible or needed at the time of filing.  There is no allegation of a connection between John Doe and the subscriber to the router.

2.    And, the complaint alleges, correctly, that the router having the IP address identified by Patrick Collins as the router that was used by John Doe to download Patrick Collins's films, was the router provided by Verizon Internet Services to Richard Roe, a pseudonym for the person shown on the records of Verizon as the subscriber to the router John Doe used.  Patrick Collins then has a subpoena issued for Verizon to identify Richard Roe, the subscriber.  Richard Roe is a mere witness --- not a defendant – not accused of anything.

Note that at this point Richard Roe is not a defendant and when he receives notice from Verizon of the pending subpoena, Roe has no reason to hire counsel, spend time or money, or fear for his reputation.  He will be, at most, a witness at this point.

Once Patrick Collins finds the identity of Richard Roe – David Osburn in this case – it can depose him and find out what it can about who used the router to

16

download its film.   It may be that Richard Roe – David Osburn -- will turn out to

be John Doe, the film downloader, and Patrick Collins can then proceed against

him.  Instead, it may turn out that David Osburn did not do the downloading and

does not know who did, but may be able to provide Patrick Collins with the names

of others who had access to his router.  Patrick Collins can then take the

depositions of those people in its investigation to find John Doe.  But it may also

be that David Osburn cannot provide any information about who might have

downloaded the films – as was the case here -- since the downloading could have

been done by anyone with a laptop computer within 400 feet or so of the house of

David Osburn – a neighbor, someone parked in a vehicle on the street, etc. – and

David Osburn had no information about that having taken place.

That this two step procedure protects David Osburn from humiliation,

expense, time, attorney fees, et al., without preventing Patrick Collins from making

a full investigation into the illegal downloading of its films.

That puts the lie to the claim by Patrick Collins that it had no choice but to

sue David Osburn  -- the router subscriber – if it was to try to find who was

downloading its films.

That clinches the bad faith of the procedure employed by Patrick Collins.

That should persuade the Court that justice requires reversal of the district court's

17

judgment and a remand with instructions to grant summary judgment and determine sanctions or awards or attorney fees and expenses, as appropriate.

## CONCLUSION

Summary Judgment should have been granted, as a matter of law and the judgment should be reversed and the matter should be remanded to the district Court with instructions for the district judge to enter Summary Judgment for David Osburn based on the bad faith of Patrick Collins and then determine what sanctions, attorney fee award, or award of expenses should follow.

## REQUEST FOR ORAL ARGUMENT

Appellant believes that the Court would benefit from oral argument on these issues and respectfully request that oral argument be scheduled for this appeal.

Respectfully submitted,

David Osburn

By Counsel

/s/ John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
Phone 202-251-0437
Fax 888-595-6007
johnlowe@johnlowepc.com
*Counsel for David Osburn*

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

No. 14-1498        Caption: Patrick Collins, Inc. v. David Osburn

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
      28.1(e)(2) or 32(a)(7)(B) because:
*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's
Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's
Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or
Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used
only with monospaced type]*

    [ x ]    this brief contains  3,870 words, excluding the parts of the brief
            exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [  ]    this brief uses a monospaced typeface and contains _____lines
            of text, excluding the parts of the brief exempted by Fed. R. App. P.
            32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:
*[14-point font must be used with proportional typeface, such as Times New Roman
or CG Times; 12-point font must be used with monospaced typeface, such as
Courier or Courier New]*

    [ x ]    this brief has been prepared in a proportionally spaced typeface using
            MS Word 2013 in14 point Times New Roman font; *or*

    [  ]    this brief has been prepared in a monospaced typeface using
            _____characters per inch _____font

August 21, 2014                                    /s/ John C. Lowe
                                                   John Lowe, P.C.
                                                   *Counsel for David Osburn*

19

# United States Court of Appeals
## for the Fourth Circuit

*Patrick Collins, Inc. v. David Osburn,* No. 14-1498

## CERTIFICATE OF SERVICE

I, Elissa Matias, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by JOHN LOWE, P.C., Attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **August 21, 2014**, counsel has authorized me to electronically file the foregoing **Brief for Appellant** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

IRA M. SIEGEL
433 North Camden Drive, Suite 970
Beverly Hills, CA 90210
(310) 435-7656 Telephone
(310) 657-2187 Facsimile
irasiegel@earthlink.net

WILLIAM F.C. MARLOW, JR.
MARLOW & WYATT
404 Allegheny Avenue
Towson, MD 21204
410-821-1013 Telephone
410-821-5432 Facsimile
wmarlow@marlowwyatt.com

Additional paper copies will be mailed to the above counsel on this date.

Unless otherwise noted, 8 paper copies have been filed with the Court on the same date via U.S. Express Mail.

August 21, 2014

/s/ Elissa Matias
Elissa Matias
Counsel Press

20