**No. 14-1498**
(8:12-CV-01294-PWG)

---

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501, Richmond, Virginia 23219

---

PATRICK COLLINS, INC. d/b/a Elegant Angel

*Plaintiff-Appellee*

v.

DAVID OSBURN, f/k/a Doe #1, f/k/a Sealed Defendant,

*Defendant-Appellant*

*On Appeal from the United States District Court for the District of Maryland, Greenbelt (Southern) Division, Case No. 8:12-CV-01294-PWG (Hon. Paul W. Grimm, Judge)*

---

## BRIEF FOR PLAINTIFF-APPELLEE PATRICK COLLINS, INC.

---

William F. C. Marlow, Jr.
MARLOW & WYATT
404 Allegheny Avenue
Towson, MD 21204
Tel:  410-821-1013
Email: wmarlow@marlowwyatt.com

Ira M. Siegel
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:  310-435-7656
Email: irasiegel@earthlink.net

Attorneys for Plaintiff-Appellee
Patrick Collins, Inc.

September 24, 2014

---

(1)

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

No. _14-1498_    Caption: _Patrick Collins, Inc., v. David Osburn_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_Patrick Collins, Inc. d/b/a Elegant Angel_    who is  _Appellee_ ,
makes the following disclosure:

1.  Is party/amicus a publicly held corporation or other
    publicly held entity?                                ( )YES  ( X )NO

2.  Does party/amicus have any parent corporations?      ( )YES  ( X )NO

    If yes, identify all parent corporations, including
    grandparent and great-grandparent corporations:

3.  Is 10% or more of the stock of a party/amicus owned
    by a publicly held corporation or other publicly held
    entity?                                              ( )YES  ( X )NO

    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other
    publicly held entity that has a direct financial interest
    in the outcome of the litigation (Local Rule 26.1(b))?   ( )YES  ( X )NO

    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not
    complete this question)                              ( )YES  ( X )NO

    If yes, identify any publicly held member whose
    stock or equity value could be affected substantially
    by the outcome of the proceeding or whose claims
    the trade association is pursuing in a representative
    capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?    ( )YES  ( X )NO

    If yes, identify any trustee and the members of any
    creditors' committee:

Signature:    _/s/Ira M. Siegel_    Date: _September 23, 2014_
Counsel for: _Plaintiff-Appellee Patrick Collins, Inc._

(i)

# TABLE OF CONTENTS

Page No.

JURISDICTIONAL STATEMENT ............................................................... 1

STATEMENT OF THE ISSUES ................................................................. 1

STATEMENT OF THE CASE ................................................................... 2

SUMMARY OF ARGUMENT .................................................................. 6

ARGUMENT ................................................................................. 6

    A.    The District Court Did Not Abuse Its Discretion in
        Dismissing the Case With Prejudice Pursuant to
        Fed.R.Civ.P. Rule 41(a)(2) .................................................... 6

    B.    The District Court Committed No Error in Denying
        Osburn's Summary Judgment Motion as Moot ................................ 13

    C.    The District Court Did Not Abuse its Discretion When it
        Ordered Each Party to Bear its Own Costs and Attorney
        Fees ...................................................................... 14

CONCLUSION ............................................................................ 21

ORAL ARGUMENT ....................................................................... 21

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a) ................... 22

CERTIFICATE OF SERVICE ............................................................. 23

## TABLE OF AUTHORITIES

Cases                                                                    Page No(s).

*Andes v. Versant Corp.*, 788 F.2d 1033, (4th Cir. 1986)........................................12

*Bridge Oil, Ltd. v. Green Pac. A/S*, 321 Fed. Appx. 244,
245 (4th Cir. 2008) .....................................................................................7,12,

*Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg.,
LLC*, 2012 U.S. Dist. LEXIS 2194, 14-16 (E.D. Va. Jan.
9, 2012).......................................................................................................20

*Collins v. Doe*, 2011 U.S. Dist. LEXIS 129088, 2011 WL
5439005 (D. Md., Nov. 8, 2011) ...................................................................3

*Ellett Bros. v. United States Fid. & Guar. Co.*, 275 F.3d
384(4th Cir. 2001) ....................................................................................6,12,

*Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348,
356-358 (6th Cir. 2004)...............................................................................20

*Joyner v. & R. Insulation Co.*, 2013 U.S. Dist. LEXIS
79402 (D. Md. June 6, 2013) ....................................................................8,12

*Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS
85920, 2014 WL 2879326 (D. Md., June 23, 2014) ...................................3

*Mathieson Assocs. v. Shoup*, 28 Fed. Appx. 274, 276 (4th
Cir. 2002) ...............................................................................................14,18

*McCollum v. NJ Div. of Motor Vehicle*, 2012 U.S. Dist.
LEXIS 174990 (D. Md. Dec. 11, 2012) .....................................................7,12

*Metro Media Entm't, LLC v. Steinruck*, 2014 U.S. Dist.
LEXIS 120474 (D. Md. Aug. 27, 2014)................................................12,14,20

*Ross v. Cecil County Dep't of Soc. Servs.*, 878 F. Supp.
2d 606 (D. Md. 2012)...................................................................................13

*Rosciszewski v. Arete Assocs.*, 1 F.3d 225 (4th Cir. 1993).....................................15

*Virgin Records Am., Inc. v. Doe*, 2009 U.S. Dist. LEXIS
21701, 2009 WL 700207 (E.D.N.C., Mar. 16, 2009) ..................................3

*Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724 (5th Cir. 2008) (*per curiam*), *cert. denied*, 553 U.S. 1019, 128 S. Ct. 2096, 170 L. Ed. 2d 818 (2008) ................................................................ 18

Statutes

17 U.S.C. §§ 101 *et seq.* ........................................................................ 1
17 U.S.C. 505 .............................................................................. 1,5,14,20
28 U.S.C. § 1291 ...................................................................................... 1
28 U.S.C. § 1331 ...................................................................................... 1
28 U.S.C. § 1338 ...................................................................................... 1

Rules

Rule 41(a)(2) of the Federal Rules of Civil Procedure .................. 1,6,7,11,12,18,21

## JURISDICTIONAL STATEMENT

Plaintiff-Appellee Patrick Collins, Inc. (hereinafter "Collins") filed an Amended Complaint against Defendant-Appellant David Osburn (hereinafter "Osburn") for copyright infringement, and, alternatively, vicarious liability for copyright infringement and negligent failure to secure access to his equipment used in infringing activity.  Amended Complaint.  JA167-175.

The United States District Court for the District of Maryland had subject matter jurisdiction over this case pursuant to 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (copyright), and 28 U.S.C. § 1367(a) (supplemental).

A final decision of the district court was issued on April 28, 2014.  JA479-489.  That decision was reiterated, in response to a request by Osburn for reconsideration, by the district court on May 19, 2014.  JA517-521.  Pursuant to the district court's decision, (i) Collins motion for voluntary dismissal pursuant to Fed.R.Civ.P. Rule 41(a)(2) was granted, (ii) Osburn's motion for summary judgment was denied, and (iii) the case was dismissed with prejudice with each party to bear its own costs (including attorney fees which pursuant to 17 U.S.C. § 505 may be awarded by a court as part of costs).

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.      Did the district court abuse its discretion in dismissing the case with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure?

2.      Did the district court abuse its discretion in denying Osburn's summary judgment motion as moot after determining that it would grant Collins' Rule 41(a)(2) motion?

1

3.    Did the district court abuse its discretion in declining to award costs (including attorney fees) to Collins?

The answer to each of these questions is "No."

STATEMENT OF THE CASE

We are fortunate to have an excellent statement of the case by the Hon. Paul W. Grimm who presided over the case in the district court.  See JA479-481.  For this Court's convenience that statement of the case is repeated here, with references to the record being accompanied by references, in brackets, to the Joint Appendix ("JA").  Also, footnotes have been added by Collins to the district court's description of the case, while the district court's footnote has been omitted.

"Plaintiff Patrick Collins, Inc., d/b/a Elegant Angel ("Collins") is a California corporation that produces and owns the copyright in pornographic films. Compl. ¶¶ 6–8, ECF No. 1. [JA13-14.] On April 27, 2012, Plaintiff filed a complaint in this Court against sixty-seven unnamed defendants alleging that they had infringed the copyright in one of Plaintiff's films by downloading copies by means of torrent files over peer-to-peer networks. Id. ¶¶ 9–10. [JA13-14.] Defendant David Osburn originally was identified as Doe 1 associated with the Internet Protocol ("IP") address 108.15.17.74. See Am. Compl. ¶ 5, ECF No. 9 [JA168]; Infringement Table, Compl. Ex. A, ECF No. 1- 2 [JA128].[1]

_____

[1]    While courts have divided over the years on the issue of joinder of multiple "Doe" defendants, most courts, including those within the Fourth Circuit, recognize that the identities of anonymous copyright infringers using peer-to-peer Internet networks can only be found by (i) detecting their infringements occurring at particular times and dates at a particular IP addresses, and then (ii) subpoenaing records of the Internet Service Providers (ISPs) to learn the identities of the

"Osburn has contested this litigation aggressively from the start. After receiving notice that Collins had subpoenaed records from his Internet Service Provider ("ISP"), Osburn filed a Motion to Quash taking the position that the mere fact that material was downloaded at his IP address does not mean that Osburn himself infringed any copyrights. Mot. to Quash 2, ECF No. 6. [JA157-159.] That motion was denied. Order, ECF No. 8. [JA166] In addition to his answer, Osburn initially filed a counterclaim asserting a count for misuse of copyright as well as seeking declaratory judgment in his own favor, Ans., ECF No. 15 [JA204-213], although the counterclaims later were withdrawn, see Stipulated Scheduling Order, ECF No. 58 [JA273-274], and an answer was filed that did not assert any counterclaims, Answer, ECF No. 60. [JA275-277.] On February 26, 2013, Osburn filed a consent motion to unseal this case, making his identity as a Defendant a matter of public record, Def.'s Mot. to Unseal File, ECF No. 42 [JA259-260], and subsequently he has filed several additional motions, see, e.g., Def.'s Mot. for Default J. or Summ. J., ECF No. 46 [see Docket entry 46 on JA7]; Def.'s Mot. for Entry of Protective Order, ECF No. 54 [see Docket entry 54 on JA8].

"According to the parties' status report, filed December 12, 2013, discovery was concluded by December 5, 2013. Plaintiff does not appear to have taken any discovery from Defendant with the

---

subscribers having the respective detected IP addresses at the respective dates and times. See, *e.g., Virgin Records Am., Inc. v. Doe*, 2009 U.S. Dist. LEXIS 21701, 2009 WL 700207 (E.D.N.C., Mar. 16, 2009) *Collins v. Doe*, 2011 U.S. Dist. LEXIS 129088, 2011 WL 5439005 (D. Md., Nov. 8, 2011), and *Malibu Media, LLC v. Doe*, 2014 U.S. Dist. LEXIS 85920, 2014 WL 2879326 (D. Md., June 23, 2014).

possible exception of having an expert visit Defendant's home. Status Report 3, ECF No. 67. [See Docket entry 67 on JA9.] From the record before me, it appears that Plaintiff did not make any Fed. R. Civ. P. 26(a)(2) expert disclosures, propound any interrogatories or requests for production, or take any depositions. Id. at 4–5. In contrast, Defendant retained an expert who prepared a written report[2],

---

[2]      The evidence of record supports a finding that at least a substantial portion of an infringing copy of the copyrighted work was on a computer connected to a peer-to-peer network through the Internet account undisputedly held by Osburn and having the IP address at the date and time indicated for Doe 1 in Exhibit A of the Complaint. See, paragraphs 31, 32, and 34 of the Declaration of Jon Nicolini. (JA48-49.) See also, Docs. 6 and 14 of the district court's record, both filed by or on behalf of David Osburn as the Doe 1 Internet subscriber. (JA157-159 and JA201-202.)   As noted by the district court,

"Collins filed and served a complaint against Osburn because it determined that a copy of one of its films had been downloaded by a computer located at the IP address 108.15.17.74, Am. Compl. Ex. A, ECF No. 9-1, and that that IP address belonged to Osburn, Am. Compl. ¶ 5, facts that Osburn does not deny, *see, e.g.*, Def.'s Dismiss Opp'n 6."

(JA484.)

Osburn's purported expert was exposed as having done nothing more than engage in speculation.  See paragraphs numbered 4-7 at JA419-420.  Osburn's expert, ignoring Occam's Razor, merely theorized that it could have been some neighbor besides Osburn that used Osburn's Internet account, without either (i) finding such a neighbor or (ii) even examining Osburn's computers that were available to Osburn's expert for examination.

Collin's expert did indeed visit Defendant Osburn's home.  Plaintiff's expert in this case is ready to declare under penalty of perjury that when he (i.e., Collins' expert) was about to inspect the router and computers in Defendant Osburn's household, Defendant told him that a few months earlier, while listening to instructions over the telephone from one of his attorneys, he (i.e., Defendant) reset the router, and that he (i.e., Defendant Osburn) again reset his router the day just before the inspection.  That expert will declare that resetting the router erases log information showing which computers and similar devices had been connected to the router.  That expert is also ready to declare that Defendant, despite needing a password to reset the router the day before the inspection, had told the expert that

propounded "multiple interrogatories and requests for production of documents," and took three depositions. Id.

"On December 11, 2013, Collins filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), essentially stating that it had been unable to reach a settlement with Osburn and simply wished to let this case drop. Pl.'s Mot. to Dismiss, ECF No. 65. [JA290-294.]  Osburn has opposed the Motion to Dismiss, Def.'s Dismiss Opp'n, ECF No. 68 [JA333-341], and has filed a Motion for Summary Judgment in Favor of Defendant, ECF No. 69 [JA31-382], with an accompanying memorandum ('Def.'s Summ. J. Mem.'), ECF No. 69-1 [JA383-387], alleging that Collins lacks any evidence showing that Osburn infringed any copyrights, that Collins has proceeded in bad faith, and therefore that Osburn is entitled to judgment in his favor as well as recovery of the substantial legal fees he has incurred, Def.'s Summ. J. Mem. Both motions are ripe. Although Osburn has requested oral argument on the pending motions, Def.'s Mot. for Oral Argument, ECF No. 73 [JA464-465], I have reviewed the filings and find that a hearing is not necessary, Loc. R. 105.6. Accordingly, Defendant's Motion for Oral Argument is DENIED."

The district court then, as noted above, granted Collin's motion for voluntary dismissal pursuant to Fed.R.Civ.P. Rule 41(a)(2), denied Osburn's summary judgment motion as moot, and dismissed the case with prejudice with each party

---

he (i.e., Defendant) could no longer recall the password.  The specter of potential spoliation of course extends to all other evidence in Defendant's control.  See paragraph numbered 8 at JA420.

bearing its own costs (including attorney fees which pursuant to 17 U.S.C. § 505 may be awarded by a court as part of costs).  JA479-489.

## SUMMARY OF ARGUMENT

Osburn failed to carry his the burden of showing that the district court abused its discretion in granting the Rule 41(a)(2) motion for voluntary dismissal. Such motions are encouraged, unless a defendant would be prejudiced.  Because the dismissal *with* prejudice ordered by the district court eliminates the risk that Osburn would be prejudiced, the district court's ruling should be affirmed.

It follows that, with the Rule 41(a)(2) motion for voluntary dismissal's being granted, any summary judgment motion is moot.  In fact, the existence of such a motion does not forestall granting a Rule 41(a)(2) motion because Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants. That is, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss.

Osburn also failed to carry his the burden of showing that the district court abused its discretion in refusing to make an award of costs and attorney fees. Collins' motivation was to enforce its copyright, its litigation position was reasonable, and no deterrence or other goal need be accomplished.

## ARGUMENT

A.    The District Court Did Not Abuse Its Discretion in Dismissing the Case With Prejudice Pursuant to Fed.R.Civ.P. Rule 41(a)(2)

An appellate court may overturn a district court's decision regarding a Rule 41(a)(2) motion only if it finds an abuse of discretion by the district court.  *Ellett Bros. v. United States Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001).

Nowhere in Osburn's Appellant's Brief is that standard of review discussed or even mentioned.   Nowhere does the word "abuse" appear in Osburn's brief, or the word "discretion."

Despite Osburn's disappointment in actually having the case against him dismissed with prejudice pursuant to Fed.R.Civ.P. Rule 41(a)(2) motion, **Such motions are actually encouraged.**  See, *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 Fed. Appx. 244, 245 (4th Cir. 2008) (emphasis added):

> Green Pacific moved for summary judgment on the unjust enrichment claim, and it also moved to enjoin Bridge Oil from proceeding with litigation that Bridge Oil had instituted in Nigeria against the PACIFIC KAMCHATKA. In response, Bridge Oil moved for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The district court granted the motion, and Green Pacific now appeals. Finding no error, we affirm.
>
> Rule 41(a) governs voluntary dismissals of federal actions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party has filed an answer or summary judgment motion or (2) a stipulation of dismissal signed by all parties that have appeared. Pertinent to this case, Rule 41(a)(2) provides that in any other circumstance, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals," *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007), and we review a district court's decision to grant a Rule 41(a)(2) motion accordingly, see *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (noting that abuse of discretion standard of review applies).
>
> Although the decision is discretionary, **the "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced,"** *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); thus, a district court should grant a Rule 41(a)(2) motion "absent plain legal prejudice to the defendant," *Ellett Bros.*, 275 F.3d at 388. A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion, *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 n.4 (4th Cir. 1986), or that it faces the prospect of a subsequent lawsuit, *Ellett Bros.*, 275 F.3d at 388-89.

See, also, *McCollum v. NJ Div. of Motor Vehicle*, 2012 U.S. Dist. LEXIS 174990 (D. Md. Dec. 11, 2012) ("[T]his Court is willing to honor the Plaintiffs' request and therefore orders a dismissal of the Plaintiffs' action against the

Maryland MVA pursuant to Rule 41(a)(2), which permits a voluntary dismissal by court order. See Fed. R. Civ. P. 41(a)(2)"). *Cf.*, *Joyner v. & R. Insulation Co.*, 2013 U.S. Dist. LEXIS 79402 (D. Md. June 6, 2013) ("Crane Co. cannot reasonably maintain that it will suffer prejudice if Joyner elects not to seek damages for injuries that Crane Co. allegedly caused").

 The district court recognized that the key factor to be considered is whether or not the defendant (here, Osburn) would be prejudiced by the dismissal. As the district court stated,

> "'The purpose of this rule [requiring a voluntary dismissal by court order] is "to allow voluntary dismissals unless the parties will be unfairly prejudiced."' *Redding v. Ameriprise Auto & Home Ins.*, No. DKC-11-3141, 2012 WL 1268327, at *3 (D. Md. Apr. 13, 2012) (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (citations omitted)). The factors this Court considers in ruling on a Rule 41(a) motion include '"the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal,' as well as 'the present stage of litigation."' *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004) (quoting *Phillips USA, Inc., v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (internal citations and quotation marks omitted))."

JA481-482.

 The district court considered all these factors. Regarding effort and expense, the district court noted,

> "It is not apparent from the record that Osburn was required to respond to Collins's relative inactivity by conducting multiple

8

> depositions 2,500 miles apart, retaining an expert and commissioning
> a full expert report, and drafting "multiple interrogatories and requests
> for production of documents," Status Report 4–5, and more
> economical alternatives, such as telephone depositions, were
> available."

JA487.

The district court, as discussed above, did recount the efforts of both parties, and found no excessive delay or lack of diligence.

The district court also considered Collins' explanation for its Rule 41(a)(2) motion to dismiss:

> "In its Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2), Collins
> states that although it 'believes sufficient evidence exists of
> Defendant's copying and/or allowing someone to use Defendant's
> Internet account to make an unauthorized copy of Plaintiff's movie,
> Plaintiff is willing to accept dismissal with prejudice, with each party
> bearing its own costs and attorney fees.' Pl.'s Mot. to Dismiss ¶ 2.
> [JA290.]  According to Collins, its evidence shows that a user located
> at Osburn's IP address downloaded a copy of the film in question. *Id.*
> Collins states that it 'offered to settle this matter by [] a complete
> dismissal with prejudice. **Defendant flat-out refused to agree to a**
> **dismissal and since then has engaged in no discussion whatsoever**
> **regarding terms he desired to resolve this case.**' *Id.* ¶ 1 [JA290]
> (emphasis in original). However, 'Plaintiff has determined that the
> cost of going forward may not justify the damages that might be
> awarded,' *id.* ¶ 6 [JA292], and therefore simply wishes to '"walk

9

away" with prejudice, with each party bearing its own costs and attorney fees,' *id.* ¶ 5. [JA291-292.]"[3]

JA483.

Osburn declares that Collins acted in bad faith. The district court correctly disposed of that issue:

> "Although it is apparent that there is considerable animosity between the parties, I find no merit to Osburn's assertions that Collins has pursued this litigation in bad faith. Collins filed and served a complaint against Osburn because it determined that a copy of one of its films had been downloaded by a computer located at the IP address 108.15.17.74, Am. Compl. Ex. A, ECF No. 9-1 [JA179], and that that IP address belonged to Osburn, Am. Compl. ¶ 5 [JA168], facts that Osburn does not deny, *see, e.g.*, Def.'s Dismiss Opp'n 6 [JA338]. Osburn correctly has noted that this evidence is not conclusive proof that 'Defendant did such downloading, was aware that anyone was downloading using his router, or has any idea who did the downloading even now.' Def.'s Dismiss Opp'n 1. But the Federal Rules of Civil Procedure do not hold pleadings to such an impossibly high standard; plausibility—not conclusiveness—is the standard. A complaint is supported properly if 'the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.' Fed. R. Civ. P. 11(b)(3). This requirement '"is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories,"' but merely requires that there be

---

[3] See footnote 2 above.

'some basis in law to support the claims in the complaint.' *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991). Osburn would elevate the pleading standard for stating a claim to such an exalted level that very few cases would be able to meet it without extensive pre-filing discovery.

"Plaintiff's counsel has appended to the Amended Complaint a certification reciting the details of the investigation that was undertaken on Collins's behalf,  Am. Compl. 10–12. [JA176-179.] And it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address. *Cf.* Fed. R. Evid. 401 ('Evidence is relevant if: (a) it has any tendency to make a fact more or less probable . . . .'). Thus it was not improper for Collins to initiate and pursue this suit against Osburn."

JA484-485.

Osburn next contends, at pages 15-18 of its Appellants Brief, that Collins evidenced bad faith by actually identifying him by name as a defendant in the Amended Complaint, which resulted in among other things, humiliation.  Osburn, however, has no rational explanation for his position in view of the fact that his identity was kept under seal until, and the district court noted, Osburn knowingly and voluntarily publicly revealed his identity.

"Having voluntarily emerged from the anonymity of a sealed complaint, Def.'s Mot. to Unseal [JA259], Osburn cannot now claim that Collins was acting for an improper purpose based on 'the threat of identifying him as a defendant in a law suit by a pornographic film company.'"

JA485.

11

Osburn will not be prejudiced by the Rule 41(a)(2) dismissal by the district court, particularly since it is a dismissal with prejudice. Defendant Osburn has no existing counterclaim. With Plaintiff's claim dismissed with prejudice, with each party bearing its own costs and attorney fees, Defendant Osburn avoids the specter of the same claim being renewed against him, which exists if the action were dismissed without prejudice.

In a substantially similar case, the Hon. Deborah K. Chasanow, Chief Judge of the United States District Court for District of Maryland, made an identical ruling to that made by Judge Grimm in the instant case. See, *Metro Media Entm't, LLC v. Steinruck*, 2014 U.S. Dist. LEXIS 120474 (D. Md. Aug. 27, 2014).

In view of the facts of this case and the lack of prejudice to Osburn, the lack of any showing of an abuse of discretion by the district court, and the substantial authority supporting grants of Rule 41(a)(2) motions, including, *Ellett Bros.*, *Bridge Oil, Ltd.*, *McCollum*, *Joyner*, the district court's order granting Collins' motion to dismiss with each party bearing its own costs should be affirmed.

Because the denial of the summary judgment motion will be discussed next, it is here noted that in *Bridge Oil* the defendant's motion for summary judgment was already pending when plaintiff filed its Rule 41(a)(2) motion. The same is true in the case cited in *Bridge Oil*, namely, *Andes v. Versant Corp.*, 788 F.2d 1033, (4th Cir. 1986). In footnote 4 at p. 1036 in *Andes*, this Court made the following logical point:

> "Since Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice."

It follows, of course, that much more would be needed to refuse to grant a voluntary dismissal *with* prejudice.

12

B.    The District Court Committed No Error in Denying Osburn's Summary
      Judgment Motion as Moot

As discussed above, the district court's granting of the Rule 41(a)(2) motion, and dismissing this case with prejudice, was not an abuse of discretion, and therefore should not be overturned.  As a result, there was no longer any case and the Osburn's summary judgment motion was moot.[4]

Even if the summary judgment motion were not moot, it should have been denied in any event.  With Jon Nicolini's testimony about finding an infringement at a computer using Osburn's router and Osburn's forensic expert's apparently avoiding examining his own client's computers (obviously for fear of finding infringing material before spoliation had occurred) (see footnote 2 above), a jury, using Occam's Razor, would have sufficient evidence to find Osburn liable for copyright infringement.  Even Osburn's testimony on his own behalf would likely be counter productive.   See, *Ross v. Cecil County Dep't of Soc. Servs.*, 878 F. Supp. 2d 606, 627 (D. Md. 2012) (quotation marks, ellipses and citation omitted):

> "The Court will not rely solely on Murray-Miller's self-serving affidavit to grant summary judgment against Ross, for it is impossible to weigh the credibility of witnesses based on their affidavits, and the Court at summary judgment [does] not have  the benefit of cross examination to evaluate biases and to establish the ability of witnesses to observe what occurred."

In fact, a jury seeing an hearing Defendant and his expert making statements of "it could have been hacking into Defendant's router" (admittedly password protected) would likely find that as an additional basis for finding that Defendant is liable for the copyright infringement that took place through his router.

---

[4]    If both the voluntary dismissal motion and the summary judgment motion were both denied, Osburn would not be able to appeal their would yet be no final order.

The district court correctly summarized the situation:

> "And although it is far from clear that summary judgment would be appropriate in any event—Osburn's motion appears to focus more on disputing Collins's factual assertions than demonstrating the lack of any dispute, *see* Def.'s Summ. J. Mem.—there is no need to address the issue because Osburn's motion has been mooted by the dismissal of this case, with prejudice."

JA488.

In this regard, too, Judge Chasanow made an identical ruling to that made by Judge Grimm in the instant case.  See, *Metro Media Entm't, LLC v. Steinruck*, 2014 U.S. Dist. LEXIS 120474 (D. Md. Aug. 27, 2014).

The district court's denial of the summary judgment motion must thus be affirmed.


C.    The District Court Did Not Abuse its Discretion When it Ordered Each Party to Bear its Own Costs and Attorney Fees

17 U.S.C. § 505 provides that a court may award costs, including attorney fees as part of costs (emphasis added):

> In any civil action under this title, **the court in its discretion may allow** the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

So, an appellate court overturns a district court's decision regarding costs, and an award of attorney fees, only if the district court abused its discretion.  See, *Mathieson Assocs. v. Shoup*, 28 Fed. Appx. 274, 276 (4th Cir. 2002).

14

As indicated above, the words "abuse" and "discretion" do not exist in Osburn Appellant's Brief, and nowhere in Osburn's Appellant's Brief is that standard of review discussed or even mentioned.

This Court has adopted the following factors for considering an award of attorney's fees:

> (1) the motivation of the parties;
>
> (2) the objective reasonableness of the legal and factual positions advanced;
>
> (3) the need in particular circumstances to advance considerations of compensation and deterrence; and
>
> (4) any other relevant factor presented.

*Rosciszewski v. Arete Assocs.*, 1 F.3d 225, 234 (4th Cir. 1993).

The district court did consider all of these factors.

Regarding motivation of Plaintiff-Appellee Collins, the district court found that it merely endeavored to enforce its copyright and was not acting in bad faith.

> "Although it is apparent that there is considerable animosity between the parties, I find no merit to Osburn's assertions that Collins has pursued this litigation in bad faith. Collins filed and served a complaint against Osburn because it determined that a copy of one of its films had been downloaded by a computer located at the IP address 108.15.17.74, Am. Compl. Ex. A, ECF No. 9-1 [JA179], and that that IP address belonged to Osburn, Am. Compl. ¶ 5 [JA168], facts that Osburn does not deny, *see, e.g.*, Def.'s Dismiss Opp'n 6 [JA338]."

JA484.

Regarding the reasonableness factor, the district court found that Collins' position was reasonable:

"Plaintiff's counsel has appended to the Amended Complaint a
certification reciting the details of the investigation that was
undertaken on Collins's behalf,  Am. Compl. 10–12. [JA176-179.]
And it takes no great imagination to see how evidence that a file was
downloaded by a certain IP address could support a plausible claim
that the file was downloaded by the subscriber at that IP address. *Cf.*
Fed. R. Evid. 401 ('Evidence is relevant if: (a) it has any tendency to
make a fact more or less probable . . . .'). Thus it was not improper for
Collins to initiate and pursue this suit against Osburn."

JA485.

The district court's findings regarding motivation and reasonableness
obviously affect the third factor, the need in particular circumstances to advance
considerations of compensation and deterrence.  That is, they obviate any such
need.  And, the district court found that the dismissal *with* prejudice eliminates the
possibility that Osburn could be called upon to endure the expense of again
defending the claim that was brought in this case  JA486.

Further, in this regard, the district court found that an award of costs and
attorney fees in this case would not serve a deterrent effect:

"Osburn also emphasizes the inherently coercive potential of
copyright suits alleging wrongful downloads of pornographic
materials. Def.'s Dismiss Opp'n 2–3 (quoting *Ingenuity 13 LLC v.
John Doe*, No. 2:12-cv-833-ODW(JCx) (C.D. Cal. May 6, 2013)).
Indeed, this Court has recognized the dangers that may attach to such
suits and has been active in crafting ways to protect the rights of
defendants in Osburn's unenviable position. *See, e.g.*, *Malibu Media v.
Doe*, No. JKB-13-3659, 2013 WL 6629042 (D. Md. Dec. 16, 2013)
(imposing [subsequent to the initiation of the instant action]

16

procedural protections for unnamed defendant and barring copyright plaintiff from initiating settlement negotiations with unrepresented defendants to prevent coercion). But Osburn has not presented any evidence of improper coercion in this case other than the mere fact of the suit itself. Having voluntarily emerged from the anonymity of a sealed complaint, Def.'s Mot. to Unseal, Osburn cannot now claim that Collins was acting for an improper purpose based on 'the threat of identifying him as a defendant in a law suit by a pornographic film company.' Def.'s Dismiss Opp'n 3. And notwithstanding the multiple adjectives used to characterize Collins's proposed, "complex, draconian, plaintiff-oriented proposed settlement agreement," Def.'s Dismiss Opp'n 7, it is undeniable that Collins offered to dismiss this case without any payments by Osburn, and the clauses to which Osburn so vociferously objects—a confidentiality provision, a mutual release, and a provision for each party to bear its own fees and costs— are not unusual in settlement agreements. *See* Proposed Settlement Agreement, Def.'s Dismiss Opp'n Ex. 6, ECF No. 68-6. [JA368-375.] Moreover, when it became clear that Osburn neither would agree to the Proposed Settlement Agreement, nor propose an alternative acceptable to Collins, it filed this motion to dismiss with prejudice rather than attempt to extract concessions from Osburn. Again, this shows no bad faith or impropriety by Collins."

The district court also considered that Osburn did incur expense.  But that factor obviously logically does not mandate an award because 17 U.S.C. § 505 already presumes that a party incurs fees and cost, and still provides that the district court makes, or declines, an award in its discretion.

This Court has already affirmed a denial of costs and attorney fees even when the copyright defendant was the prevailing party:

> We further affirm the district court's order denying Shoup's and PA's motion for costs and attorney's fees, pursuant to § 505 of the Copyright Act and Fed. R. Civ. P. 11. We find no abuse of discretion, considering the lack of evidence Plaintiffs acted maliciously, frivolously, or without objective reasonableness. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999); *Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 505-06 (4th Cir. 1994).
>
> Accordingly, we affirm. Having previously granted the Appellees'/Cross-Appellants' motion to submit these appeals on briefs, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*Mathieson Assocs. v. Shoup*, 28 Fed. Appx. 274, 276 (4th Cir. 2002).

Further, far from being an abuse of discretion, the district court's ruling is consistent with those of other courts.  In this regard, the instant case is similar to *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724 (5th Cir. 2008) (*per curiam*), *cert. denied*, 553 U.S. 1019, 128 S. Ct. 2096, 170 L. Ed. 2d 818 (2008).  In that case the plaintiff sued the defendant Thompson for copyright infringement over a peer-to-peer network.  Later, plaintiffs moved to dismiss their case pursuant to Fed.R.Civ.P. 41(a)(2), Thompson reiterated his demand for attorney's fees. The district court granted the plaintiff's motion and denied Thompson's motion for attorney's fees, and Thompson appealed.  The Fifth Circuit Court of Appeals affirmed the denial of attorney fees (*Virgin Records*, at 726-7):

> "First, the [district] court determined that Plaintiffs' lawsuit was not frivolous or objectively unreasonable, citing several reasons for this conclusion. The court found that 'Plaintiffs discovered substantial copyright infringement of their songs by a file-sharing program attached to an internet [sic] account registered to Thompson.' The court also found that the Plaintiffs attempted to contact Thompson to resolve this matter for six months prior to filing this lawsuit.
>
> "Second, the court concluded that Plaintiffs' 'motivation in bringing the suit was proper.' The court found no indication that Plaintiffs

18

'prosecuted this suit with malevolent intent.' Instead, the court determined that Plaintiffs acted properly to protect their copyrights after they discovered copyright infringement of their songs. The court also found that Plaintiffs 'immediately moved to dismiss' their suit against Thompson after they identified the adult daughter that Thompson acknowledged might be responsible for the copyright infringement.

"Third, the court concluded that awarding Thompson attorney's fees would not advance considerations of compensation and deterrence. These Plaintiffs should not be deterred from bringing future suits to protect their copyrights because they brought an objectively reasonable suit."

In the instant case,

(i)    Collins discovered substantial copyright infringement of its movie by a file-sharing program attached to an Internet account registered to Osburn,

(ii)    Collins' motivation in bringing the suit was proper, and there is no indication that Collins prosecuted this suit with malevolent intent.  Other than having to make his computers and router available for inspection (which as indicated above, may have been thwarted by spoliation), Osburn was not burdened by discovery demands.  Just as the plaintiff's in *Virgin Records*, the Collins acted properly to protect its copyright after copyright infringement of its movie was discovered.  And, after the inspection, and long before any action by Osburn thereafter, Collins offered to settle this matter.  It is Osburn, who refused to discuss any resolution of this case, that has prolonged this litigation.

(iii)    Awarding Osburn costs or attorney fees would not advance the purpose of the copyright laws.  Collins should not be deterred from bringing future suits to protect its copyrights because it brought an objectively reasonable suit.

See, also, *Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348, 356-358 (6th Cir. 2004) (Even though defendant's motion for summary judgment was affirmed, the award of attorney's fees to defendant was reversed: "While plaintiffs' claim ultimately proved meritless, that does not make it 'objectively unreasonable' as a matter of law or fact).

See, also, *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 2012 U.S. Dist. LEXIS 2194, 14-16 (E.D. Va. Jan. 9, 2012):

> However, Plaintiff's copyright claims were not such a flagrant attempt to abuse copyright law that they merit the strong medicine of awarding the prevailing party attorney's fees and costs. To award attorney's fees here, without evidence of bad faith or frivolity, would pave the way for granting such fees as a matter of course whenever a copyright holder-plaintiff is defeated on summary judgment. This sweeps too far, and could potentially chill litigation properly brought to enforce copyright protections. Finally, although Defendants argue that the Court should award attorney's fees on the grounds that they lack the resources to cover the costs of litigation, (Rubin Mem. Atty's Fees at 6; BCG Mem. Atty's Fees at 6), this is but one factor to be taken under advisement. See Rosciszewski, 1 F.3d at 234. In light of the other considerations weighing against the award of attorney's fees and costs, it does not tip the scale heavily enough in favor of granting fees and costs as to Plaintiff's copyright claims.
>
> In sum, we find that none of the factors set forth in Rosciszewski, nor any other factor, counsels in favor of awarding attorney's fees and costs on Plaintiff's copyright claims, pursuant to 17 U.S.C. § 505, as set forth in Counts One and Two of the Complaint. Therefore, Defendants' Motions for Attorney's Fees as to the claims arising under the aforesaid Copyright Act are hereby DENIED.

Judge Chasanow made an identical ruling regarding costs and attorney fees to that made by Judge Grimm in the instant case. See, *Metro Media Entm't, LLC v. Steinruck*, 2014 U.S. Dist. LEXIS 120474 (D. Md. Aug. 27, 2014).

Because the district court did not abuse the discretion accorded it by 17 U.S.C. § 505, its denial of costs and attorney fees should be affirmed.

CONCLUSION

In all respects this Court should affirm the district court's April 28, 2014 Order (JA489).  That is, this Court should affirm the (i) the district court's grant of Collins motion for dismissal pursuant to Rule 41(a)(2), (ii) the district court's denial of Osburn's motion for summary judgment, and (iii) the district court's dismissal of the instant action with each party bearing its own costs.

ORAL ARGUMENT

Currently, *Collins* believes that the Court could dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.  However, Osburn's Reply may introduce obfuscations that would require oral argument.

Respectfully submitted,

Plaintiff-Appellee
Patrick Collins, Inc. d/b/a Elegant Angel

Date:  September 24, 2014          By

/s/Ira M. Siegel
Ira M. Siegel
LAW OFFICES OF IRA M. SIEGEL
433 N. Camden Drive, Suite 970
Beverly Hills, California 90210-4426
Tel:  310-435-7656
Email: irasiegel@earthlink.net

William F. C. Marlow, Jr.
MARLOW & WYATT
404 Allegheny Avenue
Towson, MD 21204
Tel:  410-821-1013
Email: wmarlow@marlowwyatt.com

Attorneys for Plaintiff-Appellee Patrick Collins, Inc.

21

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. <u>14-1498</u>        Caption: <u>Patrick Collins, Inc. v. David Osburn</u>

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.      Type-Volume Limitation: Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ]  this brief contains <u>less than 6000</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[   ]  this brief uses a monospaced typeface and contains     [state number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      Typeface and Type Style Requirements: A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10 1⁄2 characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ]  this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in
        14 point Times New Roman font; or

[   ]  this brief has been prepared in a monospaced typeface using
        _____ in
        _____.

<u>/s/Ira M. Siegel</u>
Attorney for Plaintiff-Appellee Patrick Collins, Inc.
Dated: <u>September 24, 2014</u>

<u>CERTIFICATE OF SERVICE</u>

I certify that on September 24, 2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, and, by serving a true and correct copy at the addresses listed below by U.S. Express Mail:

John Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816

email:  johnlowe@johnlowepc.com

I further certify that on the same date 8 paper copies of the document were sent by U.S. Express Mail to the Court for filing.

/s/ Ira M. Siegel                        Date:  September 24, 2014